UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ALBERT BILLINGER,** | Case No. CV 16-1916-JFW(AJW) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER DISMISSING PETITION WITHOUT PREJUDICE |
| **ASST WARDEN CHURCH,** | AND WITH LEAVE TO AMEND |
| Respondent. | |

Petitioner, a state prisoner, filed this petition for a writ of habeas corpus on January 5, 2016.[1] Originally filed in the United States District Court for the Northern District of California, the case was transferred to this Court on March 17, 2016. The petition alleges a single claim for relief: "I got 16 year[s] and my X got 5 year[s] with have time. They never got no gun, nobody got hit or shot.

---

[1] Although the petition was stamped filed by the Clerk's Office on January 13, 2016, petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a state or federal habeas petitions is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's pleading is deemed filed at the moment it is delivered to prison authorities for forwarding to the district court). The Court assumes that petitioner handed his petition to prison officials for mailing on the date on which it was signed.

Look up my case and you'll see I was done wrong cause of my past. ... I took this case to get my X wife out so she could get our little baby girl. She was 5 years old at that time. ... That's why I took that deal but I should have took that deal cause they didn't have nothing. ... Now I got Valley Feaver." [Petition at 5]. For the following reasons, the petition is dismissed without prejudice and with leave to amend.

    To begin with, the petition fails to satisfy Rule 2(c) of the Rules Governing Section 2254 Cases, which requires that a petition for a writ of habeas corpus "specify all the grounds for relief which are available to the petitioner" and "state the facts supporting each ground." Petitioner's allegations are rambling and he fails to clearly set forth the legal and factual basis for his claim(s) for relief.

    To the extent the Court can decipher petitioner's claim, it fails to state a cognizable claim for relief. Federal habeas corpus relief is available only for violations of the Constitution, laws or treaties of the United States. Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Nowhere does petitioner allege that he was deprived of any federally protected right.

    Liberally construing the petition, it appears that petitioner may assert that his plea was not knowingly or intelligently made because when he entered it, he erroneously believed that he would be eligible for half-time sentence credits. So construed, petitioner might raise a cognizable federal claim for relief. See Boykin v. Alabama, 395 U.S. 238 (1969). Nevertheless, it does not appear that any such claim has been exhausted. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied when the substance of a petitioner's federal claim has been fairly presented to

the state's highest court. Davis v. Silva, 511 F.3d 1005, 1008-1009 (9th Cir. 2008). Petitioner does not allege, and there is no indication in the California Supreme Court docket, that he filed any petition in the California Supreme Court challenging his 2003 conviction. See http://appellatecases.courtinfo.ca.gov. Thus, it does not appear that petitioner has exhausted his state court remedies with respect to any claim.

Finally, from the face of the petition, it appears that it is barred by the one-year period of limitation set forth in the AEDPA. 28 U.S.C. § 2244(d)(1). Petitioner was convicted sometime in 2003. [Petition at 1]. Because he did not appeal, his conviction became final sixty days after entry of judgment, when his time to appeal expired. See 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review"); Cal. R. Ct. 8.308(a) (notice of appeal must be filed within 60 days of judgment); Roberts v. Marshall, 627 F.3d 768, 771 (9th Cir. 2010) (noting that petitioner's "state court conviction became final on ... the date on which his time for seeking review of his conviction expired"), cert. denied, 132 S.Ct. 286 (2011). Thus, petitioner had until sometime in 2004 (or at the latest, the first sixty days in 2005), to file a federal petition. See Patterson v. Stewart, 251 F.3d 1243, 1245-1246 (9th Cir.), cert. denied, 534 U.S. 978 (2001).

This petition was not filed until January 5, 2016, twelve years after the limitation period expired. Absent grounds for tolling of the limitation period, the petition is time-barred.

Petitioner does not allege any facts suggesting the limitation period was statutorily tolled. See 28 U.S.C. § 2244(d)(1) & (d)(2).

3

Further, petitioner has not provided an adequate explanation for the lengthy delay in filing his federal habeas petition which might entitle him to equitable tolling of the one year statute of limitation. Equitable tolling is warranted only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner must show that his untimely filing was caused by the extraordinary circumstances rather than the petitioner's own lack of diligence in pursuing his rights. Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir.), cert. denied, 133 S.Ct. 769 (2012); see Randle v. Crawford, 604 F.3d 1047, 1057 (9th Cir.) (explaining that equitable tolling is only appropriate if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time") (quotation marks and citation omitted), cert. denied, 562 U.S. 969 (2010).

**Based upon the foregoing deficiencies, the petition is dismissed without prejudice and with leave to amend. Petitioner has twenty-eight (28) days from the date of this order within which to file an amended petition curing the deficiencies noted above. The amended petition must be filed <u>on the forms provided by the Clerk</u> and bear the case number CV 16-1916-JFW(AJW). The amended petition must include the specific legal and factual basis for each of petitioner's claims for relief, as well as indicate whether each of those claims has been presented to the California Supreme Court. In addition, petitioner must (1) make clear the dates on which any state court petition was filed, the claims raised in any such petition, and if possible, attach copies of any state petition and the state court's decision addressing**

4

**each petition and (2) describe specifically the nature and duration of any extraordinary circumstances which petitioner believes impeded his ability to timely file this federal petition.**

   **Petitioner is cautioned that failure to file an amended petition within the time provided may result in dismissal of this petition without prejudice.**

**IT IS SO ORDERED.**

Dated: April 4, 2016

_____
                              Andrew J. Wistrich
                              United States Magistrate Judge

5