```
                                              FILED
                                     CLERK U.S. DISTRICT COURT

                                          MAY 25 2016

                                  CENTRAL DISTRICT OF CALIFORNIA
                                  BY        aw            DEPUTY
```

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | | |
|---|---|---|
| ALBERT BILLINGER, | ) | Case No. CV 16-1916-JFW(AJW) |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | DISMISSING ACTION |
| ASST WARDEN CHURCH, | ) | WITHOUT PREJUDICE |
| Respondent. | ) | |

On January 5, 2016, petitioner filed a petition for a writ of habeas corpus. The petition was dismissed without prejudice and with leave to amend. The order dismissing the petition explained that the Court was unable to decipher the legal and factual basis for petitioner's claim for relief. In addition, it noted that petitioner apparently has not exhausted his state remedies with respect to any challenge to his state conviction. Finally, the order observed that the petition appeared to be barred by the one year limitation period set forth in 28 U.S.C. § 2244(d).

Petitioner was provided an opportunity to cure these deficiencies by filing an amended petition. He was cautioned that failure to timely comply with the order would result in dismissal of this action without

1  prejudice. Petitioner's amended petition was due on May 2, 2016. As of
2  the date of this order, petitioner has neither filed an amended
3  petition nor requested additional time within which to do so.

4      A district court's authority to dismiss a litigant's action for
5  failure to prosecute or to comply with court orders is well-
6  established. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370
7  U.S. 626, 629-630 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th
8  Cir.), cert. denied, 506 U.S. 915 (1992). "The power to invoke this
9  sanction is necessary in order to prevent undue delays in the
10 disposition of pending cases and to avoid congestion in the calendar
11 of the District Courts." Link, 370 U.S. at 629-630.

12      In determining whether to dismiss a case for failure to
13 prosecute, failure to comply with court orders, or failure to comply
14 with a local rule, a district court should consider the following five
15 factors: "(1) the public's interest in expeditious resolution of
16 litigation; (2) the court's need to manage its docket; (3) the risk of
17 prejudice to the defendants; (4) the public policy favoring
18 disposition of cases on their merits; and (5) the availability of less
19 drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab.
20 Litig., 460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing
21 and applying those factors); see Pagtalunan v. Galaza, 291 F.3d 639,
22 642 (9th Cir. 2002) (same), cert. denied, 538 U.S. 909 (2003); see
23 generally Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115
24 (9th Cir. 2004) (failure to comply with discovery orders); Southwest
25 Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to
26 prosecute), cert. denied, 523 U.S. 1007 (2001). Regardless of whether
27 a litigant's conduct is most properly characterized as a failure to
28

1 | prosecute, comply with an order, or follow a local rule, the
2 | applicable standard is the same.

3 | The first and second factors — the public's interest in
4 | expeditious resolution of litigation and the court's need to manage
5 | its docket — favor dismissal. See Computer Task Group, 364 F.3d at
6 | 1115; Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier,
7 | 191 F.3d 983, 990 (9th Cir. 1999)); see also In re PPA Prod. Liab.
8 | Litig., 460 F.3d at 1234 ("[D]ismissal serves the public interest in
9 | expeditious resolution of litigation as well as the court's need to
10 | manage the docket when a plaintiff's noncompliance has caused the
11 | action to come to a halt, thereby allowing the plaintiff, rather than
12 | the court, to control the pace of the docket.").

13 | The third factor — prejudice to defendants or respondents — also
14 | weighs in favor of dismissal. In the absence of a showing to the
15 | contrary, prejudice to defendants or respondents is presumed from
16 | unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir.
17 | 1994)(citing Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.
18 | 1976)); see also Pagtalunan, 291 F.3d at 642-643 (holding that
19 | unreasonable delay weighed in favor of dismissal, and noting that
20 | "[u]nnecessary delay inherently increases the risk that witnesses'
21 | memories will fade and evidence will become stale") (citing Sibron v.
22 | New York, 392 U.S. 40, 57 (1968)).

23 | The fourth factor — the availability of less drastic sanctions —
24 | also supports dismissal. The Court explicitly warned petitioner about
25 | the consequences of failing to file an amended petition. See In re PPA
26 | Prod. Liab. Litig., 460 F.3d at 1229 ("Warning that failure to obey a
27 | court order will result in dismissal can itself meet the
28 |

3

1   'consideration of alternatives' requirement."); <u>Ferdik</u>, 963 F.2d at

2   1262 ("[A] district court's warning to a party that his failure to

3   obey the court's order will result in dismissal can satisfy the

4   'consideration of alternatives' requirement."); <u>Anderson</u>, 542 F.2d at

5   525 ("There is no requirement that every single alternative remedy be

6   examined by the court before the sanction of dismissal is appropriate.

7   The reasonable exploration of possible and meaningful alternatives is

8   all that is required.").

9       The fifth factor — the public policy favoring disposition of

10   cases on their merits — weighs against dismissal, as it always does.

11   <u>Pagtalunan</u>, 291 F.3d at 643 (citing <u>Hernandez v. City of El Monte</u>, 138

12   F.3d 393, 399 (9th Cir. 1998)). Despite the policy favoring

13   disposition on the merits, however, it remains a litigant's

14   responsibility to comply with orders issued by the court and "to move

15   towards that disposition at a reasonable pace, and to refrain from

16   dilatory and evasive tactics." <u>In re Eisen</u>, 31 F.3d at 1454 (quoting

17   <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991)).

18   Petitioner has not fulfilled that obligation.

19       The five-factor test for dismissal under Rule 41(b) is a

20   disjunctive balancing test, so not all five factors must support

21   dismissal. <u>See</u> <u>Valley Eng'rs Inc. v. Elec. Eng'g Co.</u>, 158 F.3d 1051,

22   1057 (9th Cir. 1998) (noting that the five-factor test "amounts to a

23   way for a district judge to think about what to do, not a series of

24   conditions precedent" to dismissal), <u>cert. denied</u>, 526 U.S. 1064

25   (1999); <u>Hernandez</u>, 138 F.3d at 399 (explaining that dismissal is

26   appropriate when four factors support dismissal or where three factors

27   "strongly" support dismissal). Four of the five factors support

28

1  dismissal in this case.

2      Prior to dismissal on the court's own motion, a pro se petitioner

3  should be notified of the basis for dismissal and warned that

4  dismissal is imminent. See Ferdik, 963 F.2d at 1262; West Coast

5  Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.

6  1990). That prerequisite has been satisfied in this case.

7      Dismissal under Rule 41(b) is warranted. It is within the Court's

8  discretion to determine whether dismissal for failure to prosecute or

9  failure to comply with orders should be with prejudice or without

10  prejudice. Considering all the circumstances, dismissal without

11  prejudice is more appropriate in this case. Accordingly, this case is

12  dismissed without prejudice.

13      **It is so ordered.**

14

15  Dated: May 25, 2016

16

17                                          John F. Walter
                                            United States District Judge

18

19

20

21

22

23

24

25

26

27

28